UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TIMOTHY NELSON, )
)
)
      **Plaintiff,** )
)
      v. ) No. 4:05-CV-00685-SNL
)
EDDIE SKILES, OTTIS HELMS, )
ORPHA TEDFORD and LINDA MEADE, )
)
      **Defendants.** )

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Timothy Nelson for leave to commence this action without payment of the required filing fee[1]. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).

---

[1]Plaintiff has filed two motions for leave to file in forma pauperis [Doc. Nos. 1, 3]. Because plaintiff's motion at Doc. No. 1 does not provide a financial affidavit and Doc. No. 3 provides such affidavit, the Court will deny as moot plaintiff's motion at Doc. No. 1.

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff, a civilly committed resident of the Missouri Sexual Offender Treatment Center ("MSOTC"), seeks monetary relief, pursuant to 42 U.S.C. § 1983. Defendants Skiles, Helms, Tedford and Meade, members of the treatment team, are sued in their individual capacities only.

The gravamen of plaintiff's complaint is that he was given a conduct violation without due process. On January 31, 2005, plaintiff was given a violation for refusing to wear his name badge in the day hall area. Plaintiff's Exhibit A. The "violation type" is identified as "major," and the penalty is described as "7 days major." Plaintiff's Exhibits A, B. Plaintiff states that Defendant Skiles wrote the violation, and Defendant Helms signed off on it. Plaintiff sought to have the violation expunged, stating that he was not informed that he had a violation and tokens were not taken. Plaintiff's Exhibit C. Defendant Tedford denied his request, stating that plaintiff's behavior warranted the violation. *Id*. Plaintiff sought a second time to have the violation expunged, citing his "due process rights to fair notice and hearing." Plaintiff's Exhibit D. Defendant Meade denied the request, stating that "[t]his team request is your due process." *Id*.

**Discussion**

In *Smith v. Copeland,* 892 F.Supp. 1218 (E.D. Mo.1995), a pretrial detainee brought a § 1983 action against jail officials, asserting claims for, *inter alia,* placing him in solitary confinement for violations of institutional discipline without due process. The District Court for the Eastern District of Missouri concluded that particular procedural mechanisms were not required to impose solitary confinement on a pretrial detainee. The Court stated that, in light of the rationale expressed

2

in *Bell v. Wolfish*, 441 U.S. 520, 545-46 (1979), "...there exists no basis in the Due Process Clause or elsewhere in the Constitution for requiring that discipline not be imposed upon a pretrial detainee for violations of institutional discipline without the particular procedural mechanisms invoked by plaintiff here, including notice, a hearing or specific findings, a right to counsel, and an independent investigation of the charges." 892 F.Supp. at 1233. "Only if...the restriction or condition is 'arbitrary or purposeless' - is the action a punishment that violates Due Process if inflicted upon detainees." *Smith*, 892 F. Supp. at 1227 (*quoting Wolfish*, 441 U.S. at 539, 99 S.Ct. at 1874).

Plaintiff's conduct violation for breach of security is originally described as "refusing" to wear his name badge and later described as "failure" to wear his badge. Plaintiff's Exhibits A, B. Thus, it appears that plaintiff either refused to obey an order or violated a known rule, or both, when he did not wear his name badge in the day hall. Defendants' actions in sanctioning plaintiff and in upholding said sanction are not "arbitrary or purposeless" because their actions are part of "maintaining institutional security and preserving internal order and discipline," which the Supreme Court has identified as "essential goals that may require limitation or retraction of retained constitutional rights." *Bell v. Wolfish*, 441 U.S. at 546-47. As such, defendants should be given "wide-ranging deference" in adopting and executing policies that they judge are needed to preserve institutional security. *Id*. at 547-48.

Accordingly, the Court finds no basis in the Due Process Clause for requiring that defendants not discipline plaintiff for his conduct violation without the procedural mechanisms of notice and hearing invoked by plaintiff herein. Plaintiff's claim is legally frivolous or fails to state a claim upon which relief may be granted, or both.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #3] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **DENIED**, as moot.

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal with accompany this memorandum and order.

Dated this ___11th___ day of August, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE